ARCHIE E. SURRARRER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Surrarrer v. Commissioner
Docket No. 10639-78.
United States Tax Court
T.C. Memo 1979-200; 1979 Tax Ct. Memo LEXIS 326; 38 T.C.M. (CCH) 838; T.C.M. (RIA) 79200; May 21, 1979, Filed Archie E. Surrarrer, pro se. Harry Beckhoff, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Randolph F. Caldwell, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure. The Court agrees with and adopts his opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax of $330 for 1975, and he also imposed an excise tax under section 4973 of the Internal Revenue Code of 1954, as amended, in the amount of $90. The issues for decision are: (1) Whether a $1,500 contribution to an individual retirement account (hereinafter "IRA") was deductible under section 219 of *328 the Code; and (2) whether any portion of such contribution constituted an excess contribution, subject to the 6-percent excise tax imposed by section 4973. Substantially all of the facts have been stipulated. The stipulation of facts and an exhibit attached thereto are incorporated herein by reference. At the time of filing his petition in this case, petitioner maintained his legal residence at Globe, Arizona.
Petitioner has been a member of the International Union of Pipe Fitters, Local 741, Tucson, Arizona (hereinafter, "the Union"), continuously from 1971 to the time of trial on April 23, 1979. The Union had a qualified, noncontributory pension plan within the meaning of section 401 of the Code.
Petitioner had been a participant in such plan from 1971 to the time of trial. Under the terms of the plan, petitioner (as well as other participants and vested members under the plan) must work at least 1,200 hours under union contractors in Arizona employment in a year to receive one full-year's pension credit. Credit is given in increments for lesser amounts of hours worked. Under the terms of the plan, a minimum of ten years of continuous service without a permanent *329 break is required before petitioner's interest in the plan vests. A permanent break, defined as three consecutive years, in a participant's employment will terminate the participant's rights in such plan. Due to petitioner's difficulty in obtaining work in Arizona, he has earned only one half-year's pension credit under the plan since 1975. At the time of trial, petitioner had five year's credit under the plan and is still an active participant therein. From January 1, 1975, through October 3 of that year, petitioner was employed as a pipe fitter by Van Dyke's Western Construction Company, Phoenix, Arizona (hereinafter, "Van Dyke's"). Van Dyke's is a union contractor and, as such, in 1975 was a signatory to a labor agreement with the Union whereby Van Dyke's was obligated to pay to the Union so much per hour for each hour worked by petitioner, a portion of which was paid into the Union's pension plan on behalf of petitioner. During 1975, as a result of petitioner's employment with Van Dyke's, the contractor made the required payments to the Union's pension plan trust on behalf of petitioner and petitioner accrued credit under the plan. On or about December 3, 1975, petitioner *330 opened an IRA at the First National Bank of Arizona in Phoenix, and he contributed a total of $1,500 to that account during 1975. Petitioner claimed a deduction in that amount in respect of such contribution on his 1975 return.Respondent disallowed the claimed deduction on the basis that petitioner was already covered under a qualifying plan through the Union. Respondent also imposed an excise tax of $90 under section 4973, on the ground that the $1,500 contributed by petitioner to his IRA was an "excess contribution" under the statute. 1. Deduction for contribution to the plan.--The first issue for decision is whether petitioner is entitled to deduct under section 219(a) any portion of his contribution to the IRA which he established in December of 1975, the taxable year involved. The deductibility of contributions to an IRA is governed by section 219. Section 219(b)(2) disallows any deduction under section 219(a) if, among other things, the individual claiming the deduction was an active participant in a qualified pension plan under section 401(a) for any part of such taxable year. This issue, we are constrained to hold, must be decided against petitioner on the authority *331 of the case of Orzechowski v. Commissioner,69 T.C. 750 (1978), affd     F2d     (2d Cir. 1979). In that case, the taxpayer (who was an active participant in a plan established by his employer) contended, as does petitioner here, that his rights were forfeitable. In that case, the taxpayer's rights were, in fact, forfeited in the succeeding year, 1976, making that taxpayer's situation even worse than petitioner's here. Nevertheless, this Court held that the taxpayer's contribution to an IRA was not allowable as a deduction under section 219. In the Court's opinion, which was reviewed by the full Court, it was stated, in herepertinent part (69 T.C., at p. 753): During 1975, the petitioner's rights under the Otis plan were forfeitable and because his employment was terminated in 1976, his rights were in fact forfeited. Moreover, he suggests that those engaged in his type of work often serve relatively short periods with the same employer and fail to acquire vested rights under an employer pension plan. For these reasons, he argues that he should not be considered an active participant in the Otis plan for 1975. Yet, it is clear that Congress *332 intended the term "active participant" to include employees such as the petitioner. Section 219 does not define the term "active participant," but the report of the Ways and Means Committee states: An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he has only forfeitable rights to those benefits. Otherwise, if an individual were able to, e.g., accrue benefits under a qualified plan and also make contributions to an individual retirement account, when he later becomes vested in the accrued benefits he would receive tax-supported retirement benefits for the same year both from the qualified plan and the retirement savings deduction. * * * [H. Rept. 93-807 at 129.] On the authority of the Orzechowski case, respondent is sustained on the first issue. The question is not whether petitioner had acquired vested rights under the plan, but whether he was an active participant in the plan. The stipulation of the parties states that he was an active participant. 2. Imposition of the excise tax. -- Section 4973 imposes a nondeductible excise tax of 6-percent on any excess contribution to an IRA. In *333 the Orzechowski case, this Court found the taxpayer's $1,500 contribution to his IRA to be an excess contribution and sustained the imposition of the excise tax under section 4973. We must similarly follow the Orzechowski case here and also decide this second issue for respondent. Petitioner asserted in his petition -- whether in reference to the disallowance of the deduction or to the imposition of the excise tax, it is not clear -- that his rights under the Fourteenth Amendment to the Constitution had been violated, in that he had not been accorded equal protection of the law. We can discern no violation in that respect. Petitioner seems to argue that because certain taxpayers may make contributions under so-called H.R. 10 or Keogh plans on self-employment earnings up to $7,500 and because certain taxpayers who are receiving benefits under a plan or who have vested rights and are no longer paying into a plan may make deductible contributions to an IRA, that he has been denied equal protection of the law when he cannot make deductible contributions to an IRA because he is an active participant in a qualified plan. There is no showing that Congress did not have a reasonable *334 basis for the distinctions it made, and they appear reasonable to us. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩